IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| KIM MILLBROOK, | : | 3:15-cv-2209 |
| --- | --- | --- |
| Plaintiff | : | |
| vs. | : | Hon. John E. Jones III |
| Lieutenant SEEBEA, et al., | : | |
| Defendants | : | |

**MEMORANDUM**

**September 13, 2018**

Plaintiff, Kim Millbrook, an inmate formerly confined in the United States Penitentiary, Lewisburg ("USP-Lewisburg"), Pennsylvania, filed the above captioned "Emergency Temporary Restraining Order," along with a supporting brief, against seven staff members of the Bureau of Prisons. (Docs. 1, 2). He alleges that between October 13, 2015 and October 15, 2015, his medications were discontinued and he was moved to another cell block, due to a false incident report, where he was pepper sprayed after being forced into a cell with a flap over the window, poor ventilation, and vermin. *Id*. He further alleges that in November 2015 he informed two defendants that he needed single cell status but that no one would listen to him. *Id*. As relief, Millbrook requests that the Court enter an order enjoining Defendants from harassing or threatening him and writing false incident reports. *Id*. He also requests the Court direct that his medication be returned and

1

that he be removed from the cell with the flap on the window, out of G Block, out of USP-Lewisburg. *Id.* A September 12, 2018 search of the Federal Bureau of Prisons' inmate locator confirmed that Plaintiff was transferred from USP-Lewisburg to the United States Penitentiary, Florence ("USP-Florence") and currently remains housed there. *see* https://www.bop.gov/inmateloc/. Because Plaintiff has been transferred from USP-Lewisburg to USP-Florence, his motion for injunctive relief will be dismissed as moot.

## I. **DISCUSSION**

The mootness doctrine recognizes a fundamental truth in litigation: "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir.1996). In this case, Millbrook's transfer from USP-Lewisburg to USP-Florence raises a threshold, and insurmountable, obstacle to his motion for injunctive relief relating to conditions at a prison where he is no longer incarcerated. In this setting, the United States Court of Appeals for the Third Circuit has observed that, when addressing inmate requests for injunctive relief:

> As a preliminary matter, we must determine whether the inmates' claims are moot because "a federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them." *Preiser v. Newkirk*, 422

> U.S. 395, 401 (1975) (quotations omitted); *see also Abdul–Akbar v. Watson*, 4 F.3d 195, 206 (3d Cir.1993). An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims. *Abdul–Akbar*, 4 F.3d at 197 (former inmate's claim that the prison library's legal resources were constitutionally inadequate was moot because plaintiff was released five months before trial).

*Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir.2003). *See Griffin v. Beard*, No. 094404, 2010 WL 4642961 (3d Cir. Nov. 17, 2010) (transfer from SCI-Huntingdon renders inmate injunctive relief claim moot). Indeed, as this court has previously observed, in a case such as this, where an inmate seeks injunctive relief against his jailers but is no longer housed at the prison where these injunctive claims arose:

> [H]is request[ ] to enjoin the defendants from interfering with his [rights] is academic. *See Muslim v. Frame*, 854 F.Supp. 1215, 1222 (E.D. Pa.1994). In other words, [the prisoner-plaintiff's] transfer to another institution moots any claims for injunctive or declaratory relief. *See Abdul–Akbar v. Watson*, 4 F.3d 195, 206–07 (3rd Cir.1993); *Weaver v. Wilcox*, 650 F.2d 22, 27 (3rd Cir.1981).

*Fortes v. Harding*, 19 F.Supp.2d 323, 326 (M.D. Pa.1998).

These principles control here, and compel dismissal of this motion for injunctive relief as moot since the Plaintiff is no longer housed at this prison, and has received the only relief requested. Thus, Plaintiff's motion for temporary restraining order will be dismissed. A separate order will enter.